Denis F. O'Brien v. Commissioner.
O'Brien v. Commissioner
Docket No. 3768.
United States Tax Court
1945 Tax Ct. Memo LEXIS 182; 4 T.C.M. (CCH) 554; T.C.M. (RIA) 45184; May 28, 1945
*182 Louis J. O'Malley, Esq., 44 School St., Boston 8, Mass., for the petitioner. James T Haslam, Esq., for the respondent. ARNOLD Memorandum Findings of Fact and Opinion ARNOLD, Judge: This case involves a bad debt deduction in the amount of $1,063 claimed by petitioner in his 1941 income tax return. Respondent disallowed the deduction on the ground it was not a bad debt which became worthless during the taxable year. This disallowance resulted in a deficiency in income tax of $164.05. Findings of Fact Petitioner resides at 953 East Street, Walpole, Massachusetts, and filed his return for the calendar year 1941 with the collector of internal revenue in Boston, Massachusetts. Petitioner's mother died when he was about seven years old. For two months thereafter he lived in the home of Peter J. Harnett, whose wife was a cousin of petitioner's mother. From about 1905 to some time prior to 1927 Harnett was successfully engaged in the trucking business. About March 23, 1927, Harnett requested a loan from petitioner in the amount of $1,000 to enable him to engage in the automobile accessory and garage business. Petitioner borrowed the $1,000, for which he paid $60 interest *183 and $3 for services. As a matter of friendship he loaned the $1,000 to Harnett and took his non-interest bearing note for $1,063, payable March 23, 1928. It was a non-business transaction. Harnett had no previous experience in the automobile accessory and garage business. The note was not paid. Harnett from time to time told petitioner he would pay it. Petitioner never made any attempt during Harnett's life to enforce payment. Harnett died May 5, 1940. Some time prior to 1939 Harnett quit the automobile business and was not thereafter engaged in any business. Petitioner had no knowledge of and never made any inquiry as to the financial resources of Harnett, either when the loan was made or at any other time. It does not appear that Harnett had any property out of which collection could be enforced, or that Harnett left any estate upon his death. No executor or administrator was appointed and no claim was made by petitioner against Harnett's estate, if any. The note did not become worthless during the taxable year. Opinion Respondent based his determination of deficiency on section 23 (k) (1), which provides that in computing net income there shall be allowed as deductions, "debts *184 which became worthless within the taxable year." In his explanation of adjustments attached to the deficiency notice, he stated: It is determined that the amount, $1,063 claimed in your return for the year 1941 was not a debt which became worthless during the taxable year." Petitioner contends that as a prudent business man he first ascertained and determined that the note in question became worthless May, 1941. The only question involved is whether the note became worthless within the taxable year. The burden of proof rests upon petitioner to overcome respondent's determination. The record is wholly devoid of any evidence that would overcome the presumption of correctness of respondent's determination. Petitioner was the only witness. He testified he knew Harnett very well; that it had been his custom to spend Christmas with him for several years and that he saw him occasionally at other times; that three or four times a year Harnett voluntarily stated he owned the money and contemplated paying it as soon as he could. He further stated that he did not know Harnett's financial condition at the time of his death, or at any time before his death, especially he did not know his financial *185 condition during 1940. In the taxable year he tried to find if Harnett left an estate, or if estate proceedings in the probate court were pending, and found nothing. Harnett had quit the automobile business some time prior to the year 1939, and so far as petitioner knew had not thereafter engaged in any business. The evidence does not show that any indebtedness owing by Harnett to petitioner had value at the beginning of the taxable year. It falls far short of showing that the indebtedness became worthless within the taxable year, which is the test under the Code, as amended. Ascertainment of worthlessness by the taxpayer is no longer a statutory requirement for deduction. Petitioner has failed to meet the burden of proof resting on him. Decision will be entered for the respondent.